An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

LUIS GOMEZ,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 59909

FILED

FEB 1 3 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a jury verdict, of first-degree kidnapping with the use of a deadly weapon, coercion with the use of a deadly weapon, two counts of assault with the use of a deadly weapon, and two counts of sexual assault with the use of a deadly weapon. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant Luis Gomez's sole contention on appeal is that his confession was involuntary and he did not knowingly, intelligently, and voluntarily waive his Miranda[1] rights. Gomez's pretrial motion to suppress and renewed objection at trial were both rejected by the district court. Questions of voluntariness "present mixed questions of law and fact subject to this court's de novo review." Rosky v. State, 121 Nev. 184, 190, 111 P.3d 690, 694 (2005). This court will review the accused's characteristics and the surrounding circumstances to determine whether the defendant's will was overborne and whether he understood his rights. See id. at 193-94, 111 P.3d at 696 (explaining the relevant factors); Floyd

_____

[1]Miranda v. Arizona, 384 U.S. 436 (1966).

v. State, 118 Nev. 156, 171, 42 P.3d 249, 260 (2002) (same), abrogated on other grounds by Grey v. State, 124 Nev. 110, 178 P.3d 154 (2008). "Only if the totality of the circumstances surrounding the interrogation reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the Miranda rights have been waived." Moran v. Burbine, 475 U.S. 412, 421 (1986) (internal quotation marks omitted). Although the accused was seventeen at the time of the interview and there was some evidence of intoxication, other circumstances surrounding the interview indicate that Gomez's will was not overborne and he understood his rights. Gomez was read his Miranda rights on two separate occasions and indicated that he understood them, his mother was present for the entirety of the interview, the interview was just over an hour in duration, and his responses to questioning were coherent and detailed. Moreover, even if the admission of Gomez's confession was error there was substantial independent evidence linking him to the charged crimes, including physical evidence corroborating the victim's testimony. See Arizona v. Fulminante, 499 U.S. 279, 295–96 (1991) (the admission of a statement obtained in violation of Miranda is subject to harmless error analysis). Accordingly, we conclude that Gomez is not entitled to relief, and we

ORDER the judgment of conviction AFFIRMED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc: Hon. David B. Barker, District Judge
Leslie A. Park
Attorney General/Carson City
Clark County District Attorney
Eighth District Court Clerk